## THE RUSSELL & ERWIN MANUFACTURING COMPANY a. ARMSTRONG.

*Supreme Court, First District ; General Term, June,* 1861.

### INSOLVENT'S DISCHARGE.

The omission of a petitioning creditor for an insolvent's discharge, to state that he had relinquished a judgment he held by way of security, is not a defect depriving the judge of jurisdiction over the matter, but at most an irregularity, to which objections should be made before him.

Appeal from order setting aside execution.

In 1855 the plaintiffs recovered judgment against the defendant for about $250. In 1857 the defendant procured a discharge from his debts, under the two-thirds act. Notwithstanding such discharge, the plaintiffs, on the 13th of January, 1860, caused an execution to be issued on the judgment, directed to the sheriff of Kings county, and the same was levied on the defendant's property acquired since his discharge.

Defendant now moved to set aside the execution, but the court held that, so far as the hearing of this motion was concerned, the discharge was conclusive; that the plaintiffs could not issue an execution upon a judgment obtained previous to the granting of a discharge regular on its face, but must bring their action upon the judgment,—and accordingly set aside the execution, but without costs to either party.

From this order the plaintiffs appealed.

By THE COURT.*—CLERKE, P. J.—Every fact necessary to give the judge who granted the discharge jurisdiction, appears upon the face of the papers in this case.

The petition of the insolvent expressly and affirmatively states that he was a resident of the city of Brooklyn : no other proof was necessary.

---

* Present, CLERKE, P. J., SUTHERLAND and ALLEN, JJ.

The omission of Ives, one of the petitioning creditors, to state that he had relinquished a judgment he held by way of security, is not a defect depriving the judge of jurisdiction over the matter, but at most an irregularity, to which objections should have been made before him. This remark applies to all the other omissions and irregularities mentioned by the plaintiffs' counsel.

There being no want of jurisdiction in the officer who had granted the discharge, and the alleged defects being nothing more than irregularities, it was conclusive on this motion, and the execution was properly set aside.

Order affirmed, with costs.